Ramon DIAZ–SOTO, et al., Petitioners,

v.

IMMIGRATION AND NATURALIZA-
TION SERVICE, Respondent.

No. 86–4184.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Aug. 20, 1986.

Theodore P. Jakaboski, El Paso, Tex., for petitioners.

Edwin Meese, III, Atty. Gen., Dept. of Justice, Robert L. Bombough, Director, Office of Immigration Litigation, Civ. Div., Madelyn E. Johnson, Atty., Allen W. Hausman, Asst. Director, Morris H. Deutsch, Atty., Richard M. Evans, Asst. Director, Washington, D.C., for respondent.

David H. Lambert, Dist. Director, I.N.S., New Orleans, La., A.H. Giugni, Dist. Director, I.N.S., El Paso, Tex., for other interested parties.

Before POLITZ, WILLIAMS, and JONES, Circuit Judges.

POLITZ, Circuit Judge:

Ramon Diaz-Soto, his wife, and their six children seek review of an order of the Board of Immigration Appeals (BIA) dismissing their appeal from deportation orders entered by an immigration judge. The sole error raised on appeal asserts a defect in the orders to show cause precipitating the deportation proceedings. The show-cause orders served on petitioners were not signed by the indicated Immigration and Naturalization Service (INS) officer. For the reasons assigned, we deny the petition for review.

*Background*

Petitioners are Mexican citizens. They entered the United States at El Paso, Texas, in 1980 without inspection or authorization. They remained in the El Paso area until February 6, 1985, when they were

served with orders to show cause why they should not be deported to Mexico. The papers bore the purported signature of James H. Smith, assistant district director for investigations of the INS, an official authorized to issue such orders to show cause. 8 C.F.R. § 242.1(a).[1] Smith, however, had not signed those copies; his signature had been affixed by another INS agent.[2]

At the commencement of the deportation hearing before the immigration judge the INS filed copies of the orders to show cause actually signed by James H. Smith. Copies were furnished to petitioners. The INS acknowledges that these orders were actually signed by Smith after February 6, 1985.

Petitioners conceded deportability and, upon request, were granted a voluntary departure. After the hearing they noted the difference in the signatures of Smith on the initial and subsequently-filed copies of the orders to show cause. They appealed the departure orders to the BIA, contending that because the precipitating orders to show cause were not signed by an authorized INS officer the proceedings were a nullity. The BIA dismissed their appeal and timely review by this court was sought. 8 U.S.C. § 1105a.

*Analysis*

Reurging the argument presented to the BIA, petitioners contend that their deportation proceedings were absolute nullities because the orders to show cause served upon them were not signed by an authorized officer as required by 8 C.F.R. § 242.1(a). This section authorizes certain designated officials to "issue" orders to show cause instituting deportation proceedings. Petitioners maintain that "issue" as used in § 242.1(a) is to be equated with "sign." As viewed by petitioners, § 242.-1(a) requires the actual signature of the designated official before an order to show cause may validly issue. The INS interprets the regulation to permit any agent to sign the name of the issuing official, provided that official specifically approves the issuance and authorizes the affixing of his signature on the service copies.

The sole issue presented by this appeal is whether the INS has correctly interpreted its own regulation. We are "not at liberty to set aside an agency's interpretation of its own regulations unless that interpretation is plainly inconsistent with the language of the regulations." *San Luis Obispo Mothers for Peace v. NRC,* 789 F.2d 26, 30 (D.C.Cir.1986) (*en banc*), *cert. pending. See Ford Motor Credit Co. v. Milhollin,* 444 U.S. 555, 100 S.Ct. 790, 63 L.Ed.2d 22

1. 8 C.F.R. § 242.1(a) provides in pertinent part:
   Every proceeding to determine the deportability of an alien in the United States is commenced by the issuance and service of an order to show cause by the [Immigration and Naturalization] Service. In the proceeding the alien shall be known as the respondent. Orders to show cause may be issued by: (1) all district directors, acting district directors, deputy district directors, assistant district directors for investigations....

2. The brief of the INS informs the court that the procedure followed in this case is consistent with "a nation-wide practice in INS districts comprised of multiple stations." The INS explains its practice:
   When a Border Patrol agent in the El Paso, Texas INS district arrests an alien, he proceeds to the nearest Border Patrol Station, which in turn is often a great distance from the INS district office. The few INS officers authorized by 8 C.F.R. § 242.1(a) to issue Orders to Show Cause ("authorized persons") generally are at the district office some distance away. The agent will fill in an INS Form 1–221 (Order to Show Cause and Notice of Hearing) in triplicate form and will then obtain telephonic permission from an authorized person to issue the Order to Show Cause. Once he receives permission from the authorized person, the agent signs that person's name to the two copies of the Order to Show Cause but not to the original. One of the copies is served on the alien and the other is placed in the alien's administrative file.
   The original of the form is later given to and signed by the authorized person, who transmits it to the immigration judge for inclusion in the record of proceedings. The form initially handed to the alien and the one included in the record of the alien's subsequent deportation proceeding are therefore identical in all respects except in the identity of the person signing the authorized person's name.

264

(1980); *United States v. Larionoff,* 431 U.S. 864, 97 S.Ct. 2150, 53 L.Ed.2d 48 (1977); *Bowles v. Seminole Rock & Sand Co.,* 325 U.S. 410, 65 S.Ct. 1215, 89 L.Ed. 1700 (1945); *Tien v. INS,* 638 F.2d 1324 (5th Cir.1981); *Chan v. INS,* 634 F.2d 248 (5th Cir.1981). We harbor no doubt that "issue" need not be equated with "sign." Conceptually, "issue" is, as suggested by the INS, more akin to "authorize" than to the mechanics of signature-affixing. In the case at bar, the person empowered to act on behalf of the INS authorized the institution of deportation proceedings, authorized an INS agent to affix his signature on service copies for convenience in handling, and, as noted in the explanation in footnote 2 of this nationwide practice, actually signed the copies filed in the record before the immigration judge.

The INS posits that this is a reasonable, practical interpretation and application of the regulation, consistent with the realities of enforcement. Petitioners maintain that this reading of the regulation is unreasonable and inconsistent with its purpose because it makes it impossible to determine whether an officer designated in 8 C.F.R. § 242.1(a) actually authorized the deportation proceedings.

 Formal actions by agency officials are entitled to a presumption of regularity. *Citizens to Preserve Overton Park v. Volpe,* 401 U.S. 402, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971); *see also INS v. Miranda,* 459 U.S. 14, 103 S.Ct. 281, 74 L.Ed.2d 12 (1982). The record contains no evidence challenging that presumption, only petitioners' argument about the difficulty in determining that one empowered to institute deportation proceedings has actually acted. We are not persuaded. Provided the practice of the INS is followed as advised, under that procedure a designated official signs the copy of the order filed in the record of the proceedings. That is consistent with the purpose and language of the regulation. Indeed, in years prior to the proliferation of photocopying machines, it was the norm for the original signed copies of judicial pleadings to be filed and

for the service copies to be conformed by deputy clerks who simply signed the names of all who had signed the original pleadings.

The practice of the INS is consistent with its interpretation of the regulation, an interpretation we find neither unreasonable nor contrary to its language. We are thus obliged to uphold it. *Udall v. Tallman,* 380 U.S. 1, 85 S.Ct. 792, 13 L.Ed.2d 616 (1965); *Chan v. INS.* In reaching this conclusion we join our colleagues of the Seventh Circuit. *Rassano v. INS,* 377 F.2d 971 (7th Cir.1966).

Petitioners' contentions may be taken to raise due process claims. Petitioners conceded deportability. They neither claimed nor demonstrated any prejudice from the failure of Smith personally to sign the copies of the orders to show cause first served upon them. We perceive no due process deficiency. *See Lopez-Reyes v. INS,* 694 F.2d 332 (5th Cir.1982); *Chan v. INS.*

The petition for review is DENIED.