7 F.3d 232
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Mukhalis Daoud ANTOUN, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 93-3223.
 United States Court of Appeals, Sixth Circuit.
 Oct. 4, 1993.
 
 Before: KEITH, GUY and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Mukhalis Daoud Antoun petitions pro se for review of an order of the Board of Immigration Appeals denying his motion to reopen his deportation proceedings. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Antoun, a native of Iraq, entered this country as a permanent resident in 1975. In 1990, he entered a guilty plea to a charge of possession with intent to distribute cocaine. Pursuant to a plea agreement, a charge of using a firearm in connection with a drug trafficking offense was dismissed, and Antoun was sentenced to twenty-seven months imprisonment. Deportation proceedings were commenced against him on the grounds of his conviction of an aggravated felony and a controlled substance violation. Antoun conceded the charges and his deportability, but requested relief pursuant to Section 212(c) of the Immigration and Naturalization Act, 8 U.S.C. § 1182(c). An Immigration Judge determined that he was not entitled to such relief. That decision was affirmed on appeal to the Board of Immigration Appeals.
 
 
 3
 Antoun subsequently moved the Board to reopen his deportation proceedings, arguing that the order to show cause in his case had not been signed by the proper official, that his counsel had been ineffective in failing to challenge this alleged infirmity, and that venue had been improper. The Board rejected these arguments and denied the motion. On appeal, Antoun is raising only the challenge to the signature on the order to show cause, and the related ineffective assistance claim.
 
 
 4
 Upon review, we find no abuse of discretion in the Board's denial of Antoun's motion to reopen his deportation proceedings. See INS v. Doherty, 112 S.Ct. 719, 725 (1992); Vargas v. INS, 938 F.2d 358, 360 (2d Cir.1991). Even if Antoun's speculative assertion that an agent of the authorized official signed the order to show cause were true, he has not demonstrated any prejudice in order to establish a violation of due process. See Ibrahim v. United States INS, 821 F.2d 1547, 1550 (11th Cir.1987); Diaz-Soto v. INS, 797 F.2d 262, 264 (5th Cir.1986). Because this argument is meritless, the derivative claim of ineffective assistance of counsel also fails.
 
 
 5
 Accordingly, the order of the Board of Immigration Appeals is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.