9 F.3d 106
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Victor Olusegun BENSON, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 Nos. 93-3256, 93-3575.
 United States Court of Appeals, Sixth Circuit.
 Oct. 8, 1993.
 
 1
 Before: NORRIS and SUHRHEINRICH, Circuit Judges, and JOINER, Senior District Judge.*
 
 ORDER
 
 2
 Victor Olusegun Benson, a Nigerian citizen, moves for pauper status, moves to hold the case in abeyance, and petitions for review of orders of the Board of Immigration Appeals affirming an order to deport him and denying his motion to reopen the proceedings. These consolidated cases have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Benson entered a guilty plea in 1991 to a charge of importation of heroin. He was sentenced to and served two years imprisonment. He was subsequently issued an order to show cause why he should not be deported based on his conviction of an aggravated felony. He initially appeared before an Immigration Judge on November 5, 1992. The hearing was continued to November 17, to allow him to obtain counsel. He again appeared without counsel and was granted a continuance until November 30, when he appeared without counsel a third time. The hearing was again continued until December 14. On that date, Benson was still without counsel, and the Immigration Judge proceeded with the hearing over his objections and his refusal to participate. Benson was ordered deported based on the documentary evidence of his aggravated felony conviction. He appealed to the Board of Immigration Appeals. He was granted one extension of time in which to file a brief and denied a second requested extension. No brief was filed. The Board then affirmed the order of deportation. Benson petitions for review of that order in Case No. 93-3256. The Board also denied Benson's later motion to reopen the proceedings. He petitions for review of that order in Case No. 93-3575.
 
 
 4
 Benson argues in his appellate brief that he was denied counsel before the Immigration Judge, that he was denied the opportunity to present his case to the Board when his second motion for an extension to file a brief was denied, that the order to show cause was not signed by the designated official, and that he should not be deported because it was part of his plea agreement in his criminal case that he would not be.
 
 
 5
 Upon review, we affirm the orders for the reasons stated by the Board of Immigration Appeals. There is no Sixth Amendment right to counsel in civil deportation proceedings. See Lozada v. INS, 857 F.2d 10, 13 (1st Cir.1988). Benson was not denied due process by the absence of counsel or the denial of an extension in which to file a brief, because he can show no substantial prejudice which resulted. See Ibrahim v. United States INS, 821 F.2d 1547, 1550 (11th Cir.1987). Once the deportation proceedings commenced, deportation was statutorily mandated based on his aggravated felony conviction, and no relief was available. See Martins v. INS, 972 F.2d 657, 659-61 (5th Cir.1992) (per curiam).
 
 
 6
 The order denying Benson's motion to reopen the proceedings was not an abuse of discretion. See INS v. Doherty, 112 S.Ct. 719, 725 (1992). The motion was based on the claim that the order to show cause was not signed by the proper official, but by an agent. This claim is purely speculative. Moreover, such a procedure is sufficient in the absence of any prejudice to the alien. See Diaz-Soto v. INS, 797 F.2d 262, 264 (5th Cir.1986).
 
 
 7
 Finally, Benson argues on appeal that he should not be deported because it was part of his plea agreement, due to threats against his life by Nigerian associates of heroin traffickers whom he helped convict. The record, which contains the plea agreement, does not reflect any such understanding. Benson submits a copy of a letter from the United States Attorney to the District Director asking for discretionary consideration of this factor. The letter predates the order to show cause in this case, and was therefore apparently unpersuasive. Benson cites to no statutory authority for granting relief at this stage of the proceeding. Moreover, this argument was not presented to the Immigration Judge or the Board of Immigration Appeals and need not be reviewed by this court. See Brotherhood of Locomotive Engineers v. ICC, 909 F.2d 909, 912-13 (6th Cir.1990).
 
 
 8
 Accordingly, the motion for pauper status is granted, the motion to hold the case in abeyance is denied, and the orders of the Board of Immigration Appeals are affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation