United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 4, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 04-60667
Summary Calendar

---

HAMEED HUSSEIN ALI,

Petitioner,

versus

ALBERTO R GONZALES, U S ATTORNEY GENERAL,

Respondent.

---

Petition for Review of an Order
of the Board of Immigration Appeals

---

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

EDITH BROWN CLEMENT, Circuit Judge:

Petitioner Hameed Ali seeks review of a decision of the Board of Immigration Appeals ("BIA") affirming, without opinion, the Immigration Judge's denial of the Petitioner's motion to terminate proceedings. Ali concedes deportability, but argues his notice to appear violated Immigration and National Service ("INS") regulations. See 8 C.F.R. § 239.1 (indicating those officials authorized to issue a notice to appear). Therefore, he argues his removal proceedings should have been terminated. For the reasons below, we deny the petition for review.

FACTS AND PROCEEDINGS

Ali is a native and citizen of Pakistan. He was admitted to the United States in Dallas, Texas on September 1, 2000 as a non-immigrant visitor for a period not to exceed six months. In April 2001, he allegedly filed a labor certification, which is currently pending. The Immigration Judge, however, noted that there was no record of this filing and, therefore, did not find it sufficient to warrant a continuance of Ali's deportation proceeding. On March 11, 2003, the Immigration and Naturalization Service ("INS") personally served Ali with a notice to appear, charging that he was deportable under the INA as an alien who remained in the United States for a longer time period than permitted. See 8 U.S.C. § 1227(a)(1)(B).

At the hearing, Ali admitted that he was removable as charged. However, he argued that the notice to appear was defective and, therefore, the proceeding should be terminated. The notice that was filed with the immigration court was signed by Robert Haldeman, Acting Assistant District Director for Investigations ("ADDI"), a Department of Homeland Security ("DHS") official who was authorized to issue a notice to appear. The copy that was served upon Ali, however, was signed on behalf of Haldeman by Special Agent David Brown who is not authorized to issue the notice.[1] The notice, identical to the one given to Ali, was then signed by Haldeman and filed with the immigration court. The immigration court gave Ali a copy of the second notice.

At the hearing, DHS filed an affidavit prepared by Tina Tucker, an ADDI, who

---

[1] The notice was signed "Robert [Haldeman], by DB."

2

detailed INA procedures for issuing notices to appear. She stated that when a DHS Special Agent under the supervision of an ADDI issues a notice to appear to an alien, he must first attempt to make contact with the ADDI to obtain the ADDI's signature on the notice (either in person or by telephone). If the ADDI is unavailable, the Special Agent gives the alien copy of the notice without the ADDI's signature or a copy that he has signed for the ADDI. Either way, the ADDI's name is typewritten under the signature line of the notice on the copy given to the alien. A copy is then given to the ADDI, who signs it, and then filed with the Immigration Court.

## DISCUSSION

8 C.F.R. § 1239.1(a) provides that, "Every removal proceeding conducted under section 240 of the Act (8 U.S.C. § 1229a) to determine the deportability or inadmissibility of an alien is commenced by the filing of a notice to appear with the immigration court." 8 C.F.R. § 239.1 then details which officers are authorized to "issue" the notice to appear. Included on the list are district directors. 8 C.F.R. § 239.1(a)(1). The Petitioner argues that the term "issue" is synonymous with "sign" and, therefore, a notice that is not signed directly by a listed officer is not valid. However, the INS interprets this regulation to permit special agents to sign the name of the issuing official, provided that the official specifically approves the issuance and authorizes the affixing of his signature on the notices. Cf. Diaz-Soto v. INS, 797 F.2d 262, 263 (5th Cir. 1986) (noting that the INS interprets 8 C.F.R. § 242.1, which governs issuance of orders to show cause, in a similar manner).

We consider whether the INS correctly interpreted its own regulation. An agency's interpretation of the statutes and regulations it administers should be given great deference. See Efe v. Ashcroft, 293 F.3d 899, 903–04 (5th Cir. 2002) (citing Chevron U.S.A., Inc. v. Natural Resources Def. Council, 467 U.S. 837 (1984)). When reviewing the construction and application of agency regulations, the Court must give "controlling weight" to the agency's interpretation unless it "'is plainly erroneous or inconsistent with the regulation.'" United States v. Larionoff, 431 U.S. 864, 872 (1977) (quoting Bowles v. Seminole Rock & Sand Co., 325 U.S. 410, 414 (1945)).

In Diaz-Soto, we noted that "issue" is not the equivalent of "sign." 797 F.2d at 264. "Conceptually, 'issue' is, as suggested by the INS, more akin to 'authorize' than to the mechanics of signature-affixing." Id. Therefore, the agency's interpretation of its regulation, providing for the special agent to initially sign the notice so long as he later obtains approval from an authorized official, comports with the language of the regulation. Ali's notice then did not violate 8 C.F.R. § 239.1 and the immigration court properly denied Ali's request to terminate his removal proceeding.

Ali also challenges the notice on due process grounds. However, because Ali concedes deportability, he has not shown that any prejudice resulted from the ADDI's failure to personally sign the notice to appear. Therefore, there is no due process violation. See id. at 264; Chike v. INS, 948 F.2d 961, 962 (stating that "'proof of a denial of due process . . . requires a showing of substantial prejudice'") (quoting Ka Fung Chan v. INS, 634 F.2d 248 (5th Cir. 1981)) .

4

## CONCLUSION

The petition for review is DENIED.