# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 06-60437
Summary Calendar

United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 27, 2007**

Charles R. Fulbruge III
Clerk

NIZAR ALI HASNAIN; ZEESHAN HASNAIN

Petitioners

v.

PETER D. KEISLER, ACTING U.S. ATTORNEY GENERAL

Respondent

Petitions for Review of Orders of the
Board of Immigration Appeals
BIA No. A95 319 916
BIA No. A95 319 917

Before HIGGINBOTHAM, STEWART, and OWEN, Circuit Judges.

PER CURIAM:[*]

Pakistani citizens Nizar and Zeeshan Hasnain, who are father and son, submitted petitions for review from the final order of removal of the Board of Immigration Appeals (BIA) and from the BIA's denial of their motion to reopen. The clerk of this court consolidated the Hasnains' petitions for review. The Hasnains have abandoned their challenge to the denial of the motion to reopen

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

by failing to brief any issues relevant to that denial. See In re Mun. Bond Reporting Antitrust Litig., 672 F.2d 436, 439 n.6 (5th Cir. 1982).

The Hasnains move for this court to remand their case to the BIA for consideration of the approval of Nizar's I-140 visa petition on May 2, 2007. We "may not order the taking of additional evidence," 8 U.S.C. § 1252(a)(1), and our review is limited to the administrative record. § 1252(b)(4)(A). The Hasnains' motion for remand therefore is denied.

The Hasnains contend that the BIA erred by overturning the Immigration Judge's (IJ) determination that the notices to appear (NTAs) in their case were fatally defective because they were not signed by the proper immigration authority. The NTAs were consistent with 8 C.F.R. § 239.1(a), which governs who may issue an NTA. See Ali v. Gonzales, 435 F.3d 544, 546-47 (5th Cir. 2006).

The Hasnains contend that the National Security Entry-Exit Registration System (NSEERS) violates the equal protection principles incorporated into the Due Process Clause. The effect of NSEERS on removal proceedings does not violate equal protection principles. Ahmed v. Gonzales, 447 F.3d 433, 440 (5th Cir. 2006).

The Hasnains contend that the denial of their request for a continuance based on Nizar's labor certification was an abuse of discretion. Their contention is unavailing. We review the denial of a motion for a continuance for an abuse of discretion. See Ahmed, 447 F.3d at 439. It is not an abuse of discretion to deny a continuance when the alien has obtained a labor certification but has not shown that an immigrant visa is immediately available. Id. at 438. The Hasnains submitted the Department of Labor's December 23, 2005, labor certification and Nizar's January 23, 2006, I-140 petition as evidence before the BIA. The I-140 indicated that Nizar did not file an I-485 petition simultaneously with the I-140 petition, and, although the Hasnains alleged that immigrant visas were available for all employment-based classes, they did not present any

2

evidence, or point to any regulatory provisions, indicating that this is so. Nizar's quest for adjustment of status had not progressed sufficiently to render the denial of the Hasnains' motion for a continuance an abuse of discretion. See Ahmed, 447 F.3d at 438.

PETITIONS FOR REVIEW DENIED; MOTION FOR REMAND DENIED.