[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-13546
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 6, 2009
THOMAS K. KAHN
CLERK

Agency No. A73-717-989

JUAN MAXIMIANO OCHOA-ARTEGA,

                                                                Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                                Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(April 6, 2009)

Before BIRCH, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Juan Maximiano Ochoa-Artega ("Ochoa-Artega") appeals the Board of Immigration Appeals' ("BIA") decision to dismiss his appeal of the Immigration Judge's ("IJ") order denying his motion for termination of his removal proceedings and subsequent order of removal. The BIA did not err because the regulations do not require that a Notice to Appear ("NTA") be legibly signed. However, if the NTA was invalid, Ochoa-Artega was not substantially prejudiced by the defect because the decision of whether to cancel removal under 8 U.S.C. § 1229b(b)(1) is a discretionary decision by the Attorney General, and there is no constitutionally protected right to discretionary relief. Therefore, we DENY the petition.

## I. BACKGROUND

In November 1994, Ochoa-Artega filed an application for asylum. Administrative Record ("AR") at 118. In November 1997, the Immigration and Naturalization Service ("INS") issued an NTA, charging that Ochoa-Artega, a citizen and native of Mexico, was subject to removal under INA § 212(a)(6)(A)(i) as an alien present in the United States without being admitted or paroled. Id. at 124. On the NTA, both the signature and title of the issuing officer were illegible. Id. In April 1998, Ochoa-Artega failed to appear at his removal hearing. Id. at 114. The IJ proceeded with the removal hearing, found Ochoa-Artega removable as charged, and ordered him removed to Mexico in absentia. Id.

2

In June 2006, Ochoa-Artega filed a motion to rescind the order of removal with the IJ, and the IJ reopened the proceedings. Id. at 76, 82. In May 2007, Ochoa-Artega filed a motion to terminate proceedings. Id. at 73. In relevant part, Ochoa-Artega argued that the NTA was illegibly signed and had no printed notification as to the officer's name or title. Id. Ochoa-Artega hypothesized that the title of the officer was "DAO," which is the designation for an officer not authorized to issue an NTA under 8 C.F.R. § 239.1(a). Id.

The government opposed Ochoa-Artega's motion to terminate proceedings. Id. at 67. The government contended that although the signature on the NTA was somewhat illegible, § 239.1(a) did not require a legible signature. Id. Further, even if there was an error, Ochoa-Artega suffered no prejudice. Id. at 68-69. Finally, Ochoa-Artega failed to overcome the presumption that the immigration official properly discharged his duty. Id. at 68.

The IJ denied the motion to terminate proceedings. Id. at 62. First, the IJ found that the plain meaning of § 239.1 did not require a legible signature, and therefore Ochoa-Artega had failed to show that the NTA was insufficient or otherwise failed to meet the regulatory requirements. Id. Second, because the NTA complied with the notice requirements of § 239.1, Ochoa-Artega's due process rights were not violated. Third, even if the government committed error, Ochoa-Artega failed to display prejudice. Id.

3

In August 2007, Ochoa-Artega filed a motion to issue a decision without a hearing so he could appeal to the BIA the denial of his motion to terminate. Id. at 51-52. The IJ found that Ochoa-Artega was removable as charged and ordered him removed to Mexico. Id. at 47. The IJ continued to find that the NTA's illegible signature did not give Ochoa-Artega any substantive or procedural rights. Id. at 46-47. Finally, the IJ found that Ochoa-Artega failed to overcome the presumption that government employees regularly discharge their duties or that any such error prejudiced him. Id. at 47.

Ochoa-Artega appealed the IJ's decision to the BIA. Id. at 31. Ochoa-Artega conceded that § 239.1(a) did not require a legible signature, but in order to assess whether the person who signed the NTA acted within the scope of his authority there needed to be a clearly legible and understandable signature. Id. at 16-17. Ochoa-Artega argued that he was prejudiced because if the NTA was terminated and a new NTA was issued in its place, he would have accumulated the ten years' of continuous physical presence required to be eligible for cancellation of removal. Id. at 17. Further, although there is a presumption of regularity when a government official is undertaking his duty, this presumption was overcome by the hardship of being removed from the United States due to an invalid NTA. Id. at 18. Ochoa-Artega requested that a new charging document be issued according to § 239.1. Id.

4

The BIA affirmed the IJ's decision. Id. at 2. The BIA found that neither § 239 nor 8 C.F.R. § 1003.15 required that the issuing officer's name or title be listed on the NTA. Id. Moreover, the illegibility of the signature and title for the issuing officer on the NTA did not provide clear evidence that the official failed to discharge his official duties properly. Id. In addition, Ochoa-Artega's request for a reissued NTA did not change the finding that the original NTA was not defective and that the IJ correctly denied the motion to terminate. Id. at 2-3.

## II. DISCUSSION

On appeal, Ochoa-Artega argues that although the NTA complied with the notice requirements of 8 U.S.C. § 1229, the NTA violated 8 C.F.R. § 239.1(a) because it is unclear who authorized the NTA due to the illegibility of the signature and title. Ochoa-Artega estimates that the title of the officer was "DAO" or "District Adjudicator Officer," which is not an officer authorized under § 239.1(a) to issue an NTA. Ochoa-Artega contends that because § 239.1(a) does not permit the use of symbols, acronyms, or other shorthand methods for indicating the title of an immigration officer, his conclusion that an immigration officer's name and title must be clearly legible is reasonable. Ochoa-Artega concedes that § 239.1(a) does not require a legible signature, but because the regulation specifies who is authorized to issue an NTA, there must be a legible signature and title to determine if the specified authorized official signed the NTA. Ochoa-Artega argues that he

5

was prejudiced by the issuance of the NTA because he did not satisfy the ten years of continuous physical presence necessary to establish statutory eligibility for cancellation of removal.  However, he posits, if a new NTA was issued, he would now have the requisite ten years of continuous physical presence necessary for relief.  Ochoa-Artega contends that although there is a presumption of regularity for government officials undertaking their duties, the hardship he has suffered overcomes this presumption.

When the BIA issues a decision, we review only that decision, except to the extent that the BIA expressly adopts the IJ's decision.  Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001).  Here, the BIA did not explicitly adopt the IJ's findings, and thus we review only the BIA's decision.  AR at 2.  "To the extent that the BIA's decision was based on a legal determination, this court's review is de novo."  D-Muhumed v. United States Att'y Gen., 388 F.3d 814, 817 (11th Cir. 2004).

The contents of an NTA are prescribed in 8 U.S.C. § 1229(a)(1) and the immigration regulations and include, inter alia, the nature of the proceedings against the alien and the legal authority under which the proceedings are conducted, but do not require the inclusion of a signature or title of the issuing officer.  8 U.S.C. § 1229(a)(1); 8 C.F.R. § 1003.15(b).  The regulations specify a number of officials authorized to issue an NTA.  8 C.F.R. § 239.1(a).  In addition,

6

formal actions by administrative agencies are entitled to a presumption that they acted properly and according to the law. F.C.C. v. Schreiber, 381 U.S. 279, 296, 85 S. Ct. 1459, 1470 (1965).

"To establish due process violations in removal proceedings, aliens must show that they were deprived of liberty without due process of law, and that the asserted errors caused them substantial prejudice." Lonyem v. United States Att'y Gen., 352 F.3d 1338, 1341-42 (11th Cir. 2003) (per curiam). The Attorney General may cancel removal of a nonpermanent resident who has been physically present in the United States for at least ten years and establishes that removal would result in exceptional hardship to the alien's citizen or resident spouse, parent, or child. 8 U.S.C. § 1229b(b)(1). The BIA's determination as to whether an individual has demonstrated an "exceptional and extremely unusual hardship" for purposes of cancellation of removal is a purely discretionary decision that is not subject to judicial review. Martinez v. United States Att'y Gen., 446 F.3d 1219, 1222 (11th Cir. 2006).

In Kohli v. Gonzales, 473 F.3d 1061 (9th Cir. 2007), the Ninth Circuit ruled that the illegibility of the name and title of officer who issued the NTA was not fatal because a legible name and title of the issuing officer were not required by any statute or regulation and, in any event, Kohli failed to show prejudice. Id. at 1067-69. Further, Kohli failed to rebut the presumption of regularity accorded to

administrative agencies because she did not "come forward with any evidence indicating that the person who signed the NTA lacked the authority to do so." Id. at 1068. The Ninth Circuit held that "in light of the number of officials that may sign a NTA pursuant to 8 C.F.R. § 239.1(a), it appears that the decision to issue a NTA is not limited to the discretion of highly placed officers, and it seems unlikely that the official who signed the NTA was not authorized to do so." Id.

Because there is no statutory or regulatory authority requiring that the issuing officer's signature and title be present on the NTA, the illegibility of the signature and title does not render it defective. See 8 U.S.C. § 1229(a)(1); 8 C.F.R. § 239.1(a). In fact, Ochoa-Artega concedes that there is no requirement. See Petitioner's Brief at 10; Reply Brief at 3. It is unlikely that the official who signed the NTA was not authorized to do so as the decision to issue an NTA is not limited to the discretion of highly placed officers. See 8 C.F.R. § 239.1(a); Kohli, 473 F.3d at 1068. Moreover, based on the presumption of regularity granted to government officials, it should be presumed that the proper authorized official signed the NTA. Schreiber, 381 U.S. at 296, 85 S. Ct. at 1470. Ochoa-Artega's attempt to overcome this presumption by speculating that the issuing officer was a "District Adjudicator Officer" is not sufficient because there is no support for this theory in the record. See AR at 124; Petitioner's Brief at 8.

In the alternative, even if the NTA was invalid, Ochoa-Artega was not substantially prejudiced by the defect. Ochoa-Artega argues that he was prejudiced because the invalid NTA was issued before he had satisfied the requisite ten years of continuous physical presence necessary to establish statutory eligibility for cancellation of removal under § 1229b(b)(1). Because the decision of whether to cancel removal under § 1229b(b)(1) is a discretionary decision by the Attorney General, Ochoa-Artega was not deprived of due process because the decision was not subject to judicial review. Martinez, 446 F.3d at 1222. Therefore, the BIA did not err by affirming the IJ's decision denying Ochoa-Artega's motion for termination of his removal proceedings and subsequent order of removal.

### III. CONCLUSION

Petitioner's challenge to his removal proceedings on the basis that the Notice to Appeal which initiated those proceedings was invalid due to the legibility of the signature and title of the issuing officer is rejected. The applicable regulations and statute do not require legibility and petitioner can demonstrate prejudice sufficient to warrant the relief requested. Accordingly, the petition is **DENIED.**

9