# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 25, 2011

Lyle W. Cayce
Clerk

No. 10-60357
Summary Calendar

NASIM BANO ALI; AINJHELIKA ALI, also known as Anjeleka Ali; NAZISH
BANO ALI; SONIA ALI,

                                             Petitioners

v.

ERIC H HOLDER, JR., U.S. Attorney General,

                                             Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A078 617 447
BIA No. A078 617 488
BIA No. A095 227 191
BIA No. A095 227 192
BIA No. A095 227 193

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Nasim Bano Ali and three of her daughters, Ainjhelika, Nazish, and Sonia,
are natives and citizens of Pakistan.  The Alis seek a review of an order of the
Board of Immigration Appeals (BIA) affirming the immigration judge's (IJ)

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

denial of their applications for asylum and withholding of removal.  They argue that even though their asylum applications were facially untimely, they were not subject to the one-year limitations period due to extraordinary and changed circumstances.  In addition, they contend that they are entitled to withholding of removal because they demonstrated a clear probability of future persecution based on their Ismaili Shi'a religious faith or membership in a particular social group.

The Alis do not challenge the denial of their applications for protection under the Convention Against Torture.  Nor do they address the conclusion that they had failed to identify membership in a particular social group other than their Shi'a religion.  The Alis also fail to challenge the conclusion that the past actions taken against them in Pakistan did not rise to the level of persecution necessary to give rise to a rebuttable presumption of future persecution.  In addition, they do not challenge the conclusion that their Westernization was not a valid basis for relief.  Accordingly, they have abandoned these issues.  *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003); *Rodriguez v. INS*, 9 F.3d 408, 414 & n.15 (5th Cir. 1993).

We review our subject matter jurisdiction de novo, *see Garcia-Melendez v. Ashcroft*, 351 F.3d 657, 660 (5th Cir. 2003), and have a duty to examine the basis of our jurisdiction, sua sponte, if necessary.  *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). An alien must file an asylum application within one year of arriving in the United States.  8 U.S.C. § 1158(a)(2)(B). Section 1158(a)(3) provides that no court shall have jurisdiction to review the BIA's determination regarding the exceptions to the timeliness of an asylum application.

Notwithstanding any jurisdictional restrictions, we are not precluded from reviewing claims raising constitutional or purely legal questions.  *See* 8 U.S.C. § 1252(a)(2)(D); *Zhu v. Gonzales*, 493 F.3d 588, 594 (5th Cir. 2007).  The determination of whether extraordinary circumstances or a change in circumstances justified the untimely filing of an asylum application ordinarily

is a question of fact. *See Zhu*, 493 F.3d at 595-96 & n.31; *Nakimbugwe v. Gonzales*, 475 F.3d 281, 284 & n.1 (5th Cir. 2007). Accordingly, we lack jurisdiction to review the BIA's decision affirming the IJ's assessment of facts and circumstances affecting the timeliness of the Alis' asylum applications. *See Zhu*, 493 F.3d at 595-96 & n.31; *Nakimbugwe*, 475 F.3d at 284 & n.1.

The three Ali daughters present the argument that their status as minors is an "extraordinary circumstance." We lack jurisdiction to review any fact issues underlying this claim. *Id.* To the extent that their claim regarding interpretation of the relevant regulation can be characterized as a question of law, *see Nakimbugwe,* 475 F.3d at 284 (construction of a federal regulation is a question of law), we find it unavailing. They allege that the "Board erred in requiring Petitioners to meet one of the examples listed in 8 CFR §208.4(a)(5)(ii) in order to demonstrate 'extraordinary circumstances.'" The examples include that "the applicant was an unaccompanied minor." 8 CFR §208.4(a)(5)(ii). They contend that the examples listed in the regulation are not exhaustive and that the Board erred in reading "unaccompanied minor" to exclude an "accompanied minor." While we agree that the listing of examples does not foreclose some other situation from being an "extraordinary circumstance," the BIA's conclusion that the presence of the phrase "unaccompanied minor" excludes "accompanied minors" (who do not otherwise present an "extraordinary circumstance") is a reasonable construction of a regulation which is entitled to our deference. *Ali v. Gonzales*, 435 F.3d 544, 546 (5th Cir. 2006)("When reviewing the construction and application of agency regulations, the Court must give 'controlling weight' to the agency's interpretation unless it 'is plainly erroneous or inconsistent with the regulation.'")(internal citations omitted). Accordingly, we find no basis to grant the petition with respect to this argument.

Turning to the withholding of removal, we generally have authority to review only the decision of the BIA. *Zhu*, 493 F.3d at 593. However, when the BIA's decision is affected by the IJ's ruling, such as in the instant matter, we

also review the IJ's decision. *Id.* We review the BIA's rulings of law de novo and its findings of fact for substantial evidence. *See id.* at 594. Under the substantial evidence standard, the BIA's decision must be based upon the evidence presented and must be "substantially reasonable." *Kane v. Holder*, 581 F.3d 231, 236 (5th Cir. 2009)(internal quotation marks and citation omitted).

An applicant for withholding of removal has the burden of showing that it is "more likely than not" that her life or freedom would be threatened by persecution on account of her race, religion, nationality, membership in a particular social group, or political opinion. 8 C.F.R. § 1208.16(b); 8 U.S.C. § 1231(b)(3)(A); *Roy v. Ashcroft*, 389 F.3d 132, 138 (5th Cir. 2004) (internal quotation marks omitted). The denial of the Alis' applications for withholding of removal is supported by substantial evidence. *See Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006).

Nasim testified about three incidents that allegedly occurred during her approximately 36 years of living in Pakistan. Once, some people on a scooter tried to kidnap her eldest daughter Neemroshah. The kidnappers pulled Neemroshah about ten meters before dropping the child. As a result, Neemroshah suffered some scratches on her arms and legs. On another occasion, people threw rocks at the windows as Nasim was walking into her place of worship. Also, while Nasim was on her way to the market, someone grabbed an article of her clothing that got stuck in a gold chain she was wearing.

Nasim could not identify any of the assailants and testified that she did not really know why she was attacked during these incidents. She assumed that her attackers were Sunnis who did not like the fact that Shi'a women could choose not to wear burqas and could worship in the same place as Shi'a men. Neemroshah testified that she did not recall the kidnapping incident. Nasim's remaining daughters did not testify as to any specific incidents but feared future persecution based on the stories they had been told about the conditions in Pakistan.

The IJ correctly reasoned that the events described by the Alis did not rise to the level of persecution and that the Alis had failed to connect the events to their religious beliefs or membership in the Ismaili Shi'a religion. *See Roy*, 389 F.3d at 138. Although the reports detailing the conditions in Pakistan indicated that religious minorities faced numerous hostilities, the Alis provided no evidence, besides mere supposition, that they had any particularized concerns about such conduct.

Persecution does not include every type of offensive treatment, *see Arif v. Mukasey*, 509 F.3d 677, 680 (5th Cir. 2007) (internal quotation marks and citation omitted), and given the infrequency and the generalized criminal nature of the alleged attacks against the Alis, the incidents could properly be considered harassment. *See Eduard v. Ashcroft*, 379 F.3d 182, 187-88 (5th Cir. 2004)(noting that mere harassment does not ordinarily amount to persecution). The Alis have not shown that the evidence compels a contrary conclusion to the IJ's determination that the events they endured amounted to "generalized criminal conduct" and, thus, did not establish a clear probability of future persecution based on their religious beliefs or membership in a particular class. *See Kane*, 581 F.3d at 239; *Chen*, 470 F.3d at 1134. Accordingly, the BIA did not err in affirming the IJ's denial of their applications for withholding of removal. *See Kane*, 581 F.3d at 236. Accordingly, the Alis' petition for review is DISMISSED in part, and DENIED in part. Their motion to stay removal is DENIED as MOOT.