NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a1157n.06

No. 11-4064

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Nov 08, 2012*

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| DULCE MARIA PARRA-MORELA, | ) | |
| | ) | |
| Petitioner, | ) | ON PETITION FOR REVIEW |
| | ) | FROM A FINAL ORDER OF THE |
| v. | ) | BOARD OF IMMIGRATION |
| | ) | APPEALS |
| ERIC H. HOLDER, JR., Attorney General, | ) | |
| | ) | |
| Respondent. | ) | |

Before: MARTIN and WHITE, Circuit Judges; ECONOMUS, District Judge.[*]

PER CURIAM. Dulce Maria Parra-Morela, a native and citizen of Mexico, appeals a decision of the Board of Immigration Appeals affirming an immigration judge's (IJ) denial of her motion to terminate her removal proceedings.

Parra-Morela entered the United States at an unknown time and location. On August 7, 2008, she pleaded guilty to fraud and misuse of a social security card in violation of 18 U.S.C. § 1546(a). The trial court apparently sentenced her to 140 days of imprisonment. On August 11, 2008, the Department of Homeland Security served her with a notice to appear, charging her with being an alien present in the United States without being admitted or paroled, and being convicted of a crime involving moral turpitude. Parra-Morela was transferred to the custody of Department of Homeland Security after completion of her sentence.

---

[*]The Honorable Peter C. Economus, United States Senior District Judge for the Northern District of Ohio, sitting by designation.

At a removal hearing in January 2010, Parra-Morela declined to admit the factual allegations set forth in her notice to appear or to concede removability. Instead, she moved to terminate her removal proceedings, arguing that her notice to appear was invalid because it was signed by someone other than the issuing official, and that as a result, her notice to appear violated Department of Homeland Security regulations and the IJ lacked jurisdiction to order her removed. The IJ denied her motion to terminate and ordered her removed to Mexico. Parra-Morela appealed and the Board affirmed the IJ's decision in a separate opinion.

In her petition for review, Parra-Morela continues to assert that her removal proceedings should have been terminated based on her allegedly invalid notice to appear.

Where, as here, the Board issues its own decision rather than summarily affirming the decision of the IJ, we review the Board's decision as the final agency determination. *Khalili v. Holder*, 557 F.3d 429, 435 (6th Cir. 2009).

Immigration officials initiate removal proceedings by giving the alien written notice of "the nature of the proceedings, the conduct alleged to be in violation of the law, and the date, time, and location of the proceedings." *Ba v. Holder*, 561 F.3d 604, 606 (6th Cir. 2009) (internal quotation marks and citations omitted). The immigration regulations specify numerous officials, including supervisory deportation officers, who are authorized to issue a notice to appear. *See* 8 C.F.R. § 239.1(a)(30). Parra-Morela's notice to appear identifies Supervisory Deportation Officer John Koren as the issuing officer. Above Officer Koren's typed name and title is a signature that reads "John Koren by JC." Parra-Morela argues that because her notice to appear was not personally signed by Officer Koren, it violated 8 C.F.R. § 239.1 and is invalid. She furthers argues that in the absence of a valid notice to appear, the IJ never obtained jurisdiction over her removal proceedings.

As an initial matter, administrative agencies are entitled to a presumption that they "act properly and according to law." *FCC v. Schreiber*, 381 U.S. 279, 296 (1965). This presumption extends to public officers. *United States v. Martin*, 438 F.3d 621, 634 (6th Cir. 2006). "The

presumption of regularity supports the official acts of public officers, and, in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties." *United States v. Chemical Found., Inc.*, 272 U.S. 1, 14–15 (1926).

The presumption of regularity granted to government agencies and officials is further bolstered by the decisions of at least three other circuits rejecting the notion, advanced by Parra-Morela, that the officer issuing an NTA must also sign the NTA. "We harbor no doubt that 'issue' need not be equated with 'sign.' Conceptually, 'issue' is . . . more akin to 'authorize' than to the mechanics of signature-affixing." *Diaz-Soto v. INS*, 797 F.2d 262, 264 (5th Cir. 1986); *see also Kohli v. Gonzales*, 473 F.3d 1061, 1067–70 (9th Cir. 2007) (denying that illegibility of the issuing officer's name and signature rendered the NTA invalid); *Ochoa-Artega v. U. S. Att'y. Gen.*, 322 F. App'x 768, 771 (11th Cir. 2009) (same); *Ali v. Gonzales*, 435 F.3d 544, 546 (5th Cir. 2006) (interpreting 8 C.F.R. § 239.1 to permit special agents to sign the name of the issuing official).

Although, Parra-Morela urges this court to reject the reasoning of these circuits and conclude instead that the INA and immigration regulations require an NTA to be personally signed by the issuing officer in order for jurisdiction to vest in the immigration court, she fails to point to any statutory or regulatory authority containing such a requirement. Her reliance on *Ayers v. Jacobs & Crumplar, P.A.*, 99 F.3d 565 (3d Cir. 1996), a civil case considering the requirements of Federal Rule of Civil Procedure 4(a), does not advance her argument because, unlike the statutory and regulatory authority she cites, Rule 4(a) does contain a requirement that a summons "be signed by clerk." *See* Fed. R. Civ. P. 4(a)(1)(F).

Because Parra-Morela has not shown that her notice to appear was invalid due to the absence of the issuing officer's signature, her argument fails. She does not assert any other prejudice from a purported defect in her notice to appear, such as that it obscured the charges against her or otherwise hindered her ability to respond. The petition for review is denied.