# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 16, 2013

No. 12-60855
Summary Calendar

Lyle W. Cayce
Clerk

FNU SUGIHARTO; AMELIA ARIFIN,

Petitioners

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A095 225 505
BIA No. A200 107 491

Before JOLLY, DeMOSS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Petitioners FNU Sugiharto and his co-applicant wife, Amelia Arifin, have petitioned for review of the decision of the Board of Immigration Appeals (BIA) dismissing their appeal from the decision of the Immigration Judge (IJ) denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Petitioners fear that they will be

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

persecuted if they return to their native Indonesia because of their Chinese ethnicity and Christian faith.

This court generally reviews only the decision of the BIA, but where the BIA's decision adopts or is affected by the IJ's reasoning, as was the case here, this court reviews the IJ's decision as well. *See Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). Although this court reviews the legal conclusions of the BIA and IJ de novo, their factual findings are reviewed for substantial evidence. *Majd v. Gonzales*, 446 F.3d 590, 594 (5th Cir. 2006). Under the substantial evidence standard, the BIA's decision must be "based upon the evidence presented and be substantially reasonable." *Kane v. Holder*, 581 F.3d 231, 236 (5th Cir. 2009) (internal quotation marks and citation omitted). Reversal is improper unless this court decides "not only that the evidence supports a contrary conclusion, but also that the evidence *compels* it." *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006) (internal quotation marks and citation omitted; emphasis in original).

The petitioners contend that Sugiharto established that he suffered past persecution through his credible testimony about multiple physical attacks he endured, which were motivated by religious and racial animus. Sugiharto complained of three incidents of past persecution. The BIA found that the record reflected that the first incident was not related to Sugiharto's religion or ethnicity. While two attacks in 2000 were motivated by racial and religious bigotry, they involved brief and infrequent assaults by private actors, which resulted in minor property losses and minor injuries. Sugiharto lived in Indonesia for many years without experiencing significant harm and that his family continued to live there. The BIA's finding that Sugiharto had failed to show that he was a victim of past persecution is supported by substantial

evidence. *See Tesfamichael v. Gonzales*, 469 F.3d 109, 113 (5th Cir. 2006); *Eduard v. Ashcroft*, 379 F.3d 182, 187-88 (5th Cir. 2004).

In arguing that the BIA erred in concluding that they do not have a well-founded fear of future persecution, the petitioners cite *Eduard* for the proposition that they need not show that they will be singled out individually for persecution because this court held that there is a pattern or practice of persecution against Christian Indonesians. This contention was rejected by the BIA based on more recent evidence of changed circumstances within Indonesia. While the BIA could have reached a contrary conclusion with respect to the reasonableness of the petitioners' fear of future persecution, the record does not compel such a conclusion. *See Chen*, 470 F.3d at 1134.

The petitioners contend that the BIA should have granted their requests for withholding of removal and for relief under the CAT. These questions have not been briefed adequately. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003). In any event, the petitioners cannot show eligibility for withholding of removal because the standard for granting of withholding of removal is more demanding than the standard for granting of asylum. *See Yang v. Holder*, 664 F.3d 580, 588-89 (5th Cir. 2011). Further, they point to no evidence that would support a claim that it is more likely than not that they will be tortured. *See* 8 C.F.R. § 208.18(a)(1); *Chen*, 470 F.3d at 1139.

Finally, the petitioners complain that the IJ was condescending and disrespectful toward their attorneys, which demonstrated that the IJ was unfairly biased and did not act as a neutral adjudicator. In rejecting this contention, the BIA found no evidence that the IJ was biased or partial. No error has been shown. *See Ali v. Gonzales*, 435 F.3d 544, 547 (5th Cir. 2006).

PETITION DENIED